UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALEX HEARD,

                                    Plaintiff,

                                                                         DECISION AND ORDER

                                                                          07-CV-6527L

                                    v.

DEPUTY KURTZ,
DEPUTY NEWTON,
DEPUTY EWING,
DEPUTY ROMACH,
DR. LATUNJI,

                                    Defendants.
_____

      Plaintiff, Alex Heard, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate currently in the custody of the New York State Department of Correctional Services, has sued Michael Latunji, M.D., a physician on the medical staff at the Monroe County Jail, and several Monroe County sheriff's deputies. Plaintiff alleges that on October 11, 2006, while he was incarcerated at the Monroe County Jail, he was injured by the deputies through their use of excessive force in breaking up a fight between plaintiff and another inmate. Plaintiff also alleges that Dr. Latunji, who treated plaintiff for the injuries that he had suffered during this incident, was deliberately indifferent to plaintiff's serious medical needs. Plaintiff alleges that all the defendants thereby violated his rights under the Eighth Amendment to the United States Constitution.

Dr. Latunji has moved for summary judgment dismissing the claim against him, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, Dr. Latunji's motion is granted.

**DISCUSSION**

**I. Eighth Amendment Medical Claims: General Principles**

To show that an inmate's medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendant's actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994), *cert. denied*, 513 U.S. 1154 (1995)). *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance*, 143 F.3d at 702).

The Supreme Court has explained that the "deliberate indifference" component includes both an objective and a subjective prong. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective element, the court

must consider whether the deprivation was brought about by the defendant in wanton disregard of those rights. *Id.* To establish deliberate indifference, then, the plaintiff must prove that the defendant had a culpable state of mind and intended wantonly to inflict pain. *See id.* at 299; *Anderson v. Burge*, 539 F.Supp.2d 684, 687 (W.D.N.Y. 2008).

The Court in *Estelle* also cautioned that mere negligence is not actionable. A prisoner's complaint that a medical professional "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of negligence alone do not state a constitutional claim. *Id.* at 106 n.14; *Chance*, 143 F.3d at 703-04.

## II. Application to this Case

Applying these principles to the case at bar, it is clear that Dr. Latunji is entitled to judgment as a matter of law. Even applying the generous standards for construing *pro se* pleadings, and drawing all permissible inferences in plaintiff's favor, plaintiff cannot even demonstrate negligence or malpractice on Dr. Latunji's part, much less the deliberate indifference–akin to criminal recklessness–that must be shown to establish an Eighth Amendment claim. *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Plaintiff alleges that he was seen by Dr. Latunji the day after the incident with the other inmate and the deputies. He alleges that Dr. Latunji treated a cut above plaintiff's left eye, but initially ignored plaintiff's complaints of pain in his rib cage. Not until a week later, after plaintiff continued to complain of severe rib pain, was an x-ray performed, which revealed a "possible incomplete hairline fracture of the seventh left rib." Dkt. #15-4 at 82-84.

Plaintiff alleges that he asked Dr. Latunji if plaintiff could have his ribs taped, and that Dr. Latunji replied, "We don't tape ribs, they'll heal on their own." Plaintiff's Affirmation (Dkt. #23) ¶ 14. Plaintiff alleges that he "went through unnecessary pain, agony, and suffering for months [d]ue to [Dr. Latunji's] failing to assist [plaintiff] with proper treatment." *Id.* ¶ 16. He alleges that Dr. Latunji's "waiting so long to find out that [plaintiff's] rib was cracked, is cruel and unusual treatment." Plaintiff's Affirmation (Dkt. #24) ¶ 24.

Plaintiff has not presented any evidence that, from a purely medical standpoint, Dr. Latunji should have done anything differently. Although plaintiff asked that his ribs be "taped," there is no evidence that this would have been medically advisable, or that Dr. Latunji was incorrect when he told plaintiff that his rib should simply be allowed to heal on its own.

Thus, plaintiff cannot even show negligence on the part of Dr. Latunji, much less deliberate indifference amounting to cruel and unusual punishment. Plaintiff does not dispute that he received pain medication throughout this period, *see* Dkt. #23 ¶ 12, Dkt. #15-4 at 12, 17, 18, 54-61, and there is no suggestion in the evidence before me that Dr. Latunji's actions were either objectively unreasonable or subjectively culpable. *See Goodale v. Wetzel*, No. 05-CV-616, 2009 WL 791313, at *3-*7 (W.D.N.Y. Mar. 23, 2009) (dismissing prisoner's Eighth Amendment claim against nurse

arising in part from failure to treat hairline fracture of prisoner's rib, other than by prescribing nonprescription painkillers).

At most, then, plaintiff's claims against Dr. Latunji amount to nothing more than plaintiff's dissatisfaction with the treatment he received, based on his subjective disagreement with the course of treatment followed by Dr. Latunji. That does not give rise to an Eighth Amendment claim. *See Chance*, 143 F.3d at 703 (inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation"); *Wright v. Conway*, 584 F.Supp.2d 604, 607 (W.D.N.Y. 2008) (granting medical defendants' motion for summary judgment where prisoner's "complaints demonstrate[d] no more than his personal dissatisfaction with the level of care that he received").

## CONCLUSION

Defendant Michael Latunji's motion for summary judgment (Dkt. #15) is granted, and plaintiff's complaints against Latunji are dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 3, 2009.